UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

February 4, 2021

LETTER TO COUNSEL:

RE: *Alicia S. v. Andrew M. Saul, Commissioner of Social Security Administration*
Civil No. TJS-20-0313

Dear Counsel:

On February 6, 2020, Plaintiff Alicia S. petitioned this Court to review the Social Security Administration's final decision to deny her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 9 & 10. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

In her applications for DIB and SSI, Alicia S. alleged a disability onset date of December 1, 2016.[2] Tr. 15. Her applications were denied initially and on reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") on March 6, 2019. Tr. 33-68. In a written decision dated April 8, 2019, the ALJ found that Alicia S. was not disabled under the Social Security Act. Tr. 15-27. The Appeals Council denied Alicia S.'s request for review (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ evaluated Alicia S.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Alicia S. was not engaged in substantial gainful activity and had not been engaged in substantial gainful activity since December 1, 2016. Tr. 17. At step two, the ALJ found that Alicia S. suffered from the following severe impairments: degenerative disc disease, status-post spinal fusion, and anxiety and depressive disorders. Tr. 18. At step three, the ALJ found Alicia S.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R.,

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On October 14, 2020, it was reassigned to me.

[2] Initially, Alicia S. alleged a disability onset date of February 20, 2015, but she stated during the hearing that the alleged onset date should be December 1, 2016. (Tr. 15.)

Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 18-20. The ALJ determined that Alicia S. retained the residual functional capacity ("RFC") to:

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following limitations: she can never climb ladders, ropes or scaffolds. She can occasionally climb ramps and stairs; she can occasionally balance, stoop, kneel, crouch and crawl. She is limited to simple work.

Tr. 20.

At step four, the ALJ determined that Alicia S. was capable of performing past relevant work as a sales attendant and document preparer. Tr. 25. Therefore, the ALJ found that Alicia S. was not disabled under the Social Security Act. Tr. 26-27.

Alicia S raises three arguments in this appeal: (1) the ALJ erred by determining that she had the RFC to perform light work; (2) the ALJ erred by failing to find her disabled pursuant to the medical-vocational (grid) rules; and (3) the ALJ erred by finding that she did not meet Listing 1.04A. I will address each of these arguments below.

Alicia S. argues that the ALJ failed to properly consider the opinions of two treating providers (Emily Griffin, a licensed clinical professional counselor; and Tori Tumoris, a certified registered nurse practitioner). ECF No. 9-1 at 7-16. The ALJ discussed the opinions of Ms. Griffin and Ms. Tumoris in his decision. Tr. 24. The ALJ gave little weight to the opinions "since they are not acceptable medical sources" and because "their restrictions are not consistent with the medical evidence" discussed earlier in the decision. *Id.* The ALJ was correct to find that Ms. Griffin and Ms. Tumoris are not acceptable medical sources.[3] *See* 20 C.F.R. §§ 404.1502, 404.1527(a), (c), 416.902, 416.927(a), (c); *see also Nichols v. Saul*, No. 1:20-CV-00063-MOC, 2020 WL 5111211, at *3 (W.D.N.C. Aug. 31, 2020) ("Licensed Professional Counselors are not acceptable medical sources."); *Tricia S. v. Saul*, No. DLB-19-1110, 2020 WL 3833475, at *5 (D. Md. July 8, 2020) ("The ALJ gave Mr. Marshall's opinion little weight because licensed clinical professional counselors are not acceptable medical sources under the regulations."); *LaFoy v. Comm'r of Soc. Sec. Admin.*, No. 0:19-CV-01142-RBH, 2020 WL 5105174, at *6 (D.S.C. Aug. 31, 2020) ("[P]ursuant to the regulations that were in effect at the time Plaintiff's claim was filed, nurse practitioners were not considered acceptable medical sources.") (citing SSR 06-03p; 20 C.F.R. §§ 404.1502(a)(7), 416.902(a)(7) (eff. Oct. 15, 2018) (including licensed advanced practice nurses as acceptable medical sources for impairments within their licensed scope of practice only "with respect to claims filed . . . on or after March 27, 2017")).

---

[3] *But see Norris v. Saul*, No. 5:18-CV-02815-JMC, 2020 WL 205305, at *4 (D.S.C. Jan. 14, 2020) ("The regulations were revised effective October 15, 2018 such that nurse practitioners will be considered acceptable medical sources for claims filed on or after March 27, 2017.") (citing 20 C.F.R. § 416.902). Because Alicia S.'s applications were filed before March 27, 2017, Ms. Tumoris is not considered an acceptable medical source.

Even though Ms. Griffin and Ms. Tumoris were not acceptable medical sources, the ALJ still considered their opinions. *See Rice v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2582, 2017 WL 2274947, at *3 (D. Md. May 24, 2017) (citing SSR 06-3P) (noting that "the opinion of a non-acceptable medical source . . . is relevant in determining the severity of an impairment and its impact on an individual's ability to function"); *see also* 20 C.F.R. §§ 404.1527(f), 416.927(f) (explaining how opinions that do not come from acceptable medical sources should be evaluated). The ALJ explained that the opinions were entitled to "little weight" because they were inconsistent with other medical evidence. Tr. 24-25. The ALJ's explanation of the weight assigned to the opinions is sufficient to allow this Court to follow the ALJ's reasoning. *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2). Among other things, the opinions of Ms. Griffin and Ms. Tumoris were inconsistent with evidence that Alicia S. was "conservatively treated with medications for depression and anxiety" from May 2012 through January 2015, and that her condition improved over time. Tr. 24. In addition, Medical records from early 2017 indicate that Alicia S. was "doing well" and that her medications appeared to be working. *Id.* The ALJ recounted that by early 2018 Alicia S. "was noted to be achieving progress . . . and improvement." *Id.* The ALJ also gave "some weight" to the opinion of the State agency psychological consultant. Tr. 25. The ALJ's finding that this evidence is inconsistent with the more restrictive opinions of Ms. Griffin and Ms. Tumoris is supported by substantial evidence. Tr. 421.

My review of the ALJ's decision is confined to whether substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standards. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Alicia S. argues that the ALJ should have found that the opinions of Ms. Griffin and Ms. Tumoris were "consistent with the record as a whole and supportable." ECF No. 9-1 at 10. I must reject this argument because even if there is other evidence that may support Alicia S.'s position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Chastity B. v. Saul*, No. BPG-18-3712, 2020 WL 1809769, at *5 (D. Md. Jan. 17, 2020) ("The ALJ need not mechanically discuss every factor when choosing to afford [an opinion] less weight, as long as the ALJ articulates the reasoning behind the decision.") (citing *Baxter v. Astrue*, Civil No. SKG-10-3048, 2012 WL 32567, at *6 (D. Md. Jan. 4, 2012)). The ALJ properly considered the opinions of Ms. Griffin and Ms. Tumoris and his decision to give these opinions little weight is supported by substantial evidence.

Alicia S. argues that the ALJ erred in "disregarding the severity of [her] symptoms because he felt that they are inconsistent with her activities of daily living." ECF No. 9-1 at 15. The ALJ's consideration of Alicia S.'s activities of daily living was appropriate. An ALJ must consider all relevant factors when evaluating a Plaintiff's symptoms. *See* 20 C.F.R. §§ 404.1529(c)(2)-(3), 416.929(c)(2)-(3). If the ALJ had rejected Alicia S.'s subjective complaints merely because of her activities of daily living, this case would be subject to remand. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 101 (4th Cir. 2020). But a review of the ALJ's decision makes clear that the ALJ considered Alicia S.'s activities of daily living as just one factor relevant to the evaluation of Alicia S.'s subjective complaints. *See* Tr. 21-25.

Alicia S. argues that the ALJ erred in his consideration of the medical source statement from Dr. Alison Kitay. ECF No. 9-1 at 16. Dr. Kitay stated that Alicia S. could only occasionally lift and carry up to 10 pounds, and that she could rarely or never lift and carry 11 pounds or more.

Tr. 1452. The ALJ noted that Dr. Kitay was a treating source of the claimant and afforded "great weight" to Dr. Kitay's opinion. Tr. 25. Under the regulations, sedentary work involves lifting no more than 10 pounds, and light work involves lifting no more than 20 pounds. To the extent that the ALJ adopted the opinion of Dr. Kitay by assigning it great weight, he should have concluded that Alicia S. was limited to performing sedentary work. 20 C.F.R. §§ 404.1567, 416.967 (defining categories of physical exertion requirements). But the ALJ found that Alicia S. was capable of performing light work. Tr. 20. The ALJ does not explain why he assigned "great weight" to Dr. Kitay's opinion without adopting her finding that Alicia S. was unable to lift more than 10 pounds.

The Commissioner argues that this error is harmless. ECF No. 10-1 at 9. During the hearing, the ALJ heard testimony from a vocational expert that Alicia S. was capable of returning to past work as a document preparer, which is sedentary work. *Id.*; *see also* Tr. 25-26. The Court agrees that any error here is harmless. Even assuming that the ALJ should have limited Alicia S. to performing sedentary work, the ALJ ultimately found that Alicia S. was not disabled because she was capable of performing past relevant work that required exertion only at the sedentary level.[4] The Court will not disturb the ALJ's decision on this basis.

Finally, Alicia S. argues that the ALJ erred in finding that she did not meet Listing 1.04A. ECF Nos. 9-1 at 16-17; 11-1 at 4-5. "A claimant is entitled to a conclusive presumption that he is disabled if he can show that his disorder results in compromise of a nerve root or the spinal cord." *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013) (citing 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04). Listing 1.04A describes the criteria a claimant must meet or equal to merit a conclusive presumption of disability arising out of compromise of a nerve root or the spinal cord:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A.

The ALJ explained that Alicia S. did not meet Listing 1.04A because she "has no loss of strength in the lower extremities and no positive straight-leg raising tests in both sitting and supine." Tr. 18. Even assuming there is conflicting evidence about Alicia S.'s loss of strength in

---

[4] For the same reason, Alicia S.'s argument regarding the grid rules is not a basis for remand. Even assuming that the ALJ should have found that Alicia S. was only capable of performing sedentary work, the ALJ identified past relevant work at the sedentary exertional level that she could perform. Having made this finding at step four, the ALJ was not required to apply the grid rules. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 2.00(a) (explaining that the grid rules only apply when "the individual's impairment(s) prevents the performance of his or her vocationally relevant past work"); *see also Wade v. Colvin*, No. 12CV853, 2015 WL 5431879, at *3 (M.D.N.C. Sept. 15, 2015) (finding that because an ALJ properly determined a claimant could perform past relevant work, the ALJ was not required to apply the grid rules).

the lower extremities, the ALJ was correct to find that there was no evidence of positive straight-leg raising tests in both the sitting and supine positions.

Listing 1.04A requires evidence of a positive straight-leg raising test in both the sitting and supine positions. *See Helene C. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-2938, 2020 WL 1694491, at *4 (D. Md. Apr. 7, 2020) (collecting cases and noting that the "Court has ruled consistently on that issue"); *see also Woodson v. Berryhill*, No. 3:17CV347 (REP), 2018 WL 4659449, at *11 (E.D. Va. Aug. 7, 2018) ("Neither doctor specified whether they performed the test in the sitting or supine position, and Listing 1.04A requires positive results in both positions."), *report and recommendation adopted*, No. 3:17CV347, 2018 WL 4658681 (E.D. Va. Sept. 27, 2018). The straight-leg raising test performed on February 15, 2017 was positive in the supine position but negative in the seated position. Tr. 381. Records regarding another test performed in 2015 indicate only that "straight leg testing on the right was painful," and do not state whether the results of the test were positive in both positions.[5] Tr. 386, 393, 400. Finally, the note documenting the straight-leg raising test performed in September 2016 only states that the test was positive and a "very difficult exam to do." Tr. 679. It does not indicate whether the test was positive in both the sitting and supine positions.

"For a claimant to show that [her] impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The claimant bears the burden of demonstrating that her impairment meets or medically equals a listed impairment. *Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir. 1986). Here, the ALJ adequately explained his reasoning for why Alicia S. did not meet all of the criteria for Listing 1.04A. Because there is no evidence of a positive straight-leg raising test in both the sitting and supine positions, the ALJ properly determined that she did not meet all of the criteria for Listing 1.04A. The ALJ's findings on this point are supported by substantial evidence.

For the reasons set forth herein, Alicia S.'s Motion for Summary Judgment (ECF No. 9) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 10) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

---

[5] It is unclear whether straight-leg testing was performed on each of Alicia S.'s visits to this provider or whether the test results from one occasion were copied over into each visit summary. Resolution of this issue is not material to the Court's decision.